UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 07-408 |
| DAMON BURKHALTER | SECTION "I" |

### ORDER AND REASONS

Before this Court is the motion of defendant, Damon Burkhalter ("Burkhalter"), to vacate, set aside, or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Burkhalter's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

### *BACKGROUND*

On March 28, 2008, the government charged Burkhalter in a two-count superseding bill of information. Count one charged Burkhalter with conspiring to distribute and conspiring to possess with the intent to distribute 100 grams or more of heroin, a schedule I drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. Count two charged Burkhalter with having a previous drug conviction pursuant to 28 U.S.C. § 851.

On April 10, 2008, Burkhalter pled guilty to count one of the superseding bill of information and affirmed that he had been previously convicted as alleged in count two of the superseding bill of information. On July 17, 2008, this Court sentenced Burkhalter to a term of 262 months imprisonment.

On July 25, 2008, Burkhalter filed a timely notice of appeal. On January 7, 2010, the United States Court of Appeals for the Fifth Circuit dismissed Burkhalter's appeal as frivolous.

On March 16, 2011, Burkhalter timely filed the present motion to vacate, set aside, or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the

Federal Rules Governing Section 2255 Proceedings for the United States District Courts, the Court did not order the government to respond to Burkhalter's motion.[1]

In his § 2255 motion, Burkhalter makes two arguments. First, Burkhalter alleges that, "[c]ounsel provided ineffective assistance, leading to the entering of an invalid plea."[2] Second, Burkhalter asserts that, "[c]ounsel was ineffective at sentencing for failing to request a reasonable senence [sic] under 3553."[3] Burkhalter does not allege any facts in connection with either of his claims.

## *LAW AND ANALYSIS*

### I. OVERVIEW OF § 2255

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2008); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Relief under § 2255 is reserved for transgressions of constitutional rights and for a

---

[1] Rule 4(b) states that:

> The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] R. Doc. No. 182, pg. 4.
[3] Id. at 5.

narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).  A federal prisoner cannot assert a non-constitutional claim on collateral attack if he did not raise it on appeal.  *Davis v. United States*, 417 U.S. 333, 345-46 n.15 (1974).  Unlike direct appeals, motions under § 2255 reach only errors of constitutional or jurisdictional magnitude.  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

"[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction...." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274, 96 L. Ed. 232 (1952).  If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States*, 373 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

A federal prisoner is barred from asserting non-constitutional claims on collateral attack if the claims were not raised on direct appeal.  *Davis v. United States*, 417 U.S. 333, 345-46 n.15 (1974).  Federal habeas review under Section 2255 only reaches errors of constitutional or jurisdictional magnitude.  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

**II. INEFFECTIVE ASSISTANCE OF COUNSEL**

The standard for judging the performance of counsel was established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland,* the Court established a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Strickland,* 466 U.S. at 697.  Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

The Supreme Court pointed out that "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689.  Under Fifth Circuit jurisprudence, a reviewing court must strongly presume that counsel exercised its reasonable professional judgment.  *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986) (internal citation omitted).  Further, "second-guessing is not the test for ineffective assistance of counsel." *King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir. 1989).  An attorney's strategic choices, usually based on information supplied by the defendant and gathered from a thorough investigation of the relevant law and facts, are virtually unchallengeable. *Strickland,* 466 U.S. at 691.  "It is not enough to show that some, or even most, defense lawyers would have handled the case differently." *Green v.Lynaugh*, 868 F.2d 176, 178 (5th Cir.1989).  Any failure on the part of the

attorney must be specifically pleaded and proven.  *Knighten v. Maggio*,740 F.2d 1344, 1349 (5th Cir. 1984); *see also Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").  Further, an attorney's failure to raise a meritless argument cannot serve as the basis of a successful ineffective assistance of claim because the result of the proceeding would not have been different had the attorney raised the issue.  *Kimler*, 167 F.3d at 892.

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will 'indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." *Moore v. Johnson,* 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland,* 466 U.S. at 689). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. *Strickland,* 466 U.S. at 689; *Neal v. Puckett,* 286 F.3d 230, 236-37 (5th Cir. 2002). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 701 (2002) (citing *Strickland,* 466 U.S. at 689). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. *Strickland,* 466 U.S. at 689.

The second prong of the *Strickland* test looks to the prejudice caused by counsel's deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins,* 315 F.3d 449, 456 (5th Cir. 2002) (*quoting Strickland,* 466 U.S. at 687). "[T]he defendant must show

5

that counsel's errors were prejudicial and deprived defendant of a 'fair trial, a trial whose result is reliable.' " *United States v. Baptiste,* No. 98-207, 2007 U.S. Dist. LEXIS 21388, at *11 n. 6, 2007 WL 925894 (E.D .La. Mar. 26, 2007) (Engelhardt, J.) (quoting *Strickland,* 466 U.S. at 687). "This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors." *Id.*

A defendant must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance claim. *See Strickland,* 466 U.S. at 697. There is no reason for a court deciding an ineffective assistance of counsel claim to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs "that course should be followed." *Id.*

### III. BURKHALTER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Burkhalter has failed to demonstrate that his lawyer's alleged errors fell below an objective standard of reasonableness or that the alleged errors actually prejudiced him. As stated, Burkhalter's barebones § 2255 motion simply alleges that his "[c]ounsel provided ineffective assistance, leading to the entering of an invalid plea" and that "[c]ounsel was ineffective at sentencing for failing to request a reasonable senence [sic] under 3553."[4] Although the standard § 2255 motion form that Burkhalter submitted to the Court instructed him to "state the specific facts that support [his] claim," Burkhalter alleged no facts whatsoever with respect to his ineffective assistance of counsel claims. Further, Burkhalter did not file a supporting memorandum in connection with his § 2255 motion. Accordingly, there are no facts and no evidence before this Court upon which Burkhalter's claims can reasonably be assessed.

As stated, mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Accordingly, Burkhalter's

---

[4] R. Doc. No. 182, pg. 5.

conclusory assertions that he received ineffective assistance of counsel cannot overcome the strong presumption "that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Pondexter v. Quarterman*, 537 F.3d 511, 519 (5th Cir. 2008) (internal quotation marks and citation omitted); *see also United States v. Bullard*, Criminal No. 06-50163-01, 2008 WL 4693391, at *2 (W.D. La. Oct. 22, 2008).

## *CONCLUSION*

Accordingly, **IT IS ORDERED** that Burkhalter's motion to vacate, set aside, or correct his sentence and/or conviction pursuant to 28 U.S.C. § 2255 is **DENIED** and that Burkhalter's motion is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March __23rd__, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**