UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 07-408 |
| DAMON BURKHALTER | SECTION I |

### TRANSFER ORDER

Defendant, Damon Burkhalter, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 2008 sentence. To support his challenge, defendant asserts the following grounds for relief:

1) The application of the career offender provision and 21 U.S.C. § 851 violated his Sixth Amendment rights.

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same sentence. In that motion, filed March 16, 2011, defendant raised the following grounds for relief:

1) "Counsel provided ineffective assistance, leading to the entering of an invalid plea."

2) Counsel was ineffective at sentencing for "failing to request a reasonable sen[t]ence under 3553."

That motion was dismissed with prejudice on the merits by Judgment entered March 24, 2011. The U.S. Court of Appeals for the Fifth Circuit denied defendant's motion for a certificate of appealability. (R. Doc. No. 202).

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing

of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, August 9, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE