## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                              **CRIMINAL ACTION**

**VERSUS**                                                          **No. 07-408**

**DAMON BURKHALTER**                                        **SECTION I**

### ORDER & REASONS

Before the Court are defendant Damon Burkhalter's ("Burkhalter") motions[1] "for a sentence modification on the grounds of new laws enacted by Congress (First Step Act)" and "for a reduction in his term of imprisonment on the grounds of the newly acted [sic] law passed by Congress and President Donald Trump the First Step Act." Burkhalter also seeks a twelve-month reduction in sentence pursuant to his completion of the Residential Drug Abuse Program ("RDAP").[2] The government has filed an opposition in response to both motions.[3]

### I.

On November 29, 2007, Burkhalter was charged via indictment with conspiring to distribute and possess with the intent to distribute fifty grams or more of cocaine base and one-hundred grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B), all in violation of 21 U.S.C. § 846 (count 1).[4] Burkhalter was also charged with using a communication facility in committing,

---

[1] R. Doc. Nos. 256, 263.
[2] R. Doc. No. 256, at 3.
[3] R. Doc. No. 285.
[4] R. Doc. No. 1.

1

causing and facilitating the drug trafficking crime charged in count 1, in violation of 21 U.S.C. § 843(b).[5] A superseding bill of information was filed on March 28, 2008, which charged Burkhalter with conspiring to distribute and possess with the intent to distribute one-hundred grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), all in violation of 21 U.S.C. § 846 (count 1).[6] Count 2 of the superseding bill of information noted that Burkhalter committed the offense in count 1 after having been adjudged guilty of a qualifying state felony drug offense that had become final, pursuant to 21 U.S.C. § 851(a).[7]

On April 10, 2008, Burkhalter pled guilty to count 1 of the superseding bill of information.[8] The Court sentenced Burkhalter to a term of imprisonment of 262 months on July 17, 2008.[9] On January 17, 2017, President Barack Obama commuted Burkhalter's 262-month term of imprisonment to 188 months, and directed the Bureau of Prisons ("BOP") to make available RDAP or its equivalent.[10]

## II.

Burkhalter urges the Court to modify his sentence pursuant to the First Step Act of 2018[11] (the "Act") for three reasons: (1) he qualifies for 132 days of good time credit;[12] (2) he qualifies for release to home confinement for up to twelve months;[13]

---

[5] *Id.*
[6] R. Doc. No. 65.
[7] *Id.*
[8] R. Doc. No. 68.
[9] R. Doc. Nos. 101, 105.
[10] R. Doc. No. 222, at 2.
[11] Pub. L. No. 115-391.
[12] R. Doc. No. 256, at 3.
[13] *Id.* at 3–4.

and (3) he no longer meets the criteria for twenty years of imprisonment.[14] Burkhalter also argues that he qualifies for a twelve-month reduction in his sentence for his completion of RDAP.[15]

Burkhalter's arguments for a reduction in sentence pursuant to the Act are unavailing, as the Act is inapplicable to Burkhalter. Section 401 only applies to sentences that were imposed after the date of enactment. Pub. L. No. 115-391 § 401(c). The Court sentenced Burkhalter in 2008, while the Act was not enacted until December 21, 2018.[16]

Section 404 is similarly inapplicable because it applies only to convictions that involved a cocaine base drug-trafficking offense, not heroin. *See* Pub. L. No. 115-391 § 404(a) (defining "covered offense" as "a violation of a [f]ederal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [Pub. L. No. 111-220]"); Pub. L. No. 111-220 §§ 2–3 (applying only to cocaine-base offenses).

The Court must also reject Burkhalter's argument that it should reduce his sentence by twelve months based on his completion of RDAP because the Court lacks jurisdiction to compute Burkhalter's credits.[17] *Pierce v. Holder*, 614 F.3d 158, 160 (5th

---

[14] R. Doc. No. 263-1, at 3. The mandatory minimum term of imprisonment for Burkhalter's conviction when he was sentenced in 2008 was ten years. Pursuant to the Act, the mandatory minimum term of imprisonment for the same conviction is now five years. *See* Pub. L. No. 115-391 § 401.

[15] R. Doc. No. 256, at 3.

[16] R. Doc. No. 65, at 1.

[17] This argument may be moot. At the time Burkhalter filed his first motion pursuant to the Act he had not yet completed RDAP. R. Doc. No. 256, at 3 (noting that Burkhalter was scheduled to complete RDAP in February 2019). It is unclear whether

Cir. 2010) (holding that "[o]nly the Attorney General, through the BOP, may compute a prisoner's credits") (citation omitted). Until the BOP makes a final determination with respect to a prisoner's credits, there is no case or controversy ripe for judicial review. *Id.* Therefore, even if Burkhalter has completed RDAP and the BOP has not credited his sentence accordingly, he must first exhaust his administrative remedies through the BOP and challenge his sentence pursuant to 28 U.S.C. § 2241. *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citation omitted) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons.").

**III.**

Accordingly,

**IT IS ORDERED** that Burkhalter's motions are **DENIED**.

New Orleans, Louisiana, February 3, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

Burkhalter has since completed the program and been credited twelve months towards his sentence. His second motion pursuant to the Act does not indicate the outcome of his participation in the program. *See* R. Doc. No. 263.